Electronically Filed
Intermediate Court of Appeals
CAAP-11-0001083
08-JUL-2013
08:11 AM

NO. CAAP-11-0001083

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee,
v.
BRISON PALENCIA, Defendant-Appellant


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CRIMINAL NO. 09-1-0114)


SUMMARY DISPOSITION ORDER
(By:  Nakamura, C.J., Foley and Leonard, JJ.)

Defendant-Appellant Brison Palencia (Palencia) appeals from the Order of Resentencing entered December 7, 2011 in the Circuit Court of the First Circuit[1] (circuit court) revoking his probation and re-sentencing him to imprisonment.

On January 28, 2009, Palencia was indicted for sexual assault in the first degree in violation of Hawaii Revised Statutes (HRS) § 707-730 (Supp. 2012).  Palencia pleaded guilty to the included offense of sexual assault in the second degree in violation of HRS § 707-731(1)(a) (Supp. 2012).  On

---

[1]     The Honorable Steven S. Alm presided over the revocation proceeding.

August 17, 2009, the circuit court entered a judgment of conviction and sentenced Palencia to probation of a term of five years.[2]

On October 4, 2011, Plaintiff-Appellee State of Hawai'i (State) filed a motion to revoke Palencia's probation. On December 7, 2011, the circuit court granted the State's motion and re-sentenced Palencia to the maximum term of imprisonment of ten years. On December 23, 2011, Palencia filed a notice of appeal.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we conclude Palencia's appeal is without merit.

HRS § 706-625(3) (Supp. 2012) provides that "[t]he court shall revoke probation if the defendant has inexcusably failed to comply with a substantial requirement imposed as a condition of the order or has been convicted of a felony." "The circuit court's decision that [the defendant] failed to comply with a substantial requirement imposed as a condition of the order of probation is a finding of fact. A finding of fact is reviewed under the clearly erroneous standard[.]" State v. Reyes, 93 Hawai'i 321, 327, 2 P.3d 725, 731 (App. 2000) (citations omitted). "A finding of fact is clearly erroneous when (1) the records lacks substantial evidence to support the finding, or (2) despite substantial evidence in support of the finding, the appellate court is nonetheless left with a definite and firm conviction that a mistake has been made." State v. Locquiao, 100 Hawai'i 195, 203, P.3d 1242, 1250 (2002) (quoting State v. Okumura, 78 Hawai'i 383, 392 894 P.2d 80, 89 (1995)).

---

[2]     The circuit court entered a second amended judgment on August 24, 2009 that was essentially identical to the August 17, 2009 judgment.

"The decision that the failure was inexcusable is a conclusion of law. A conclusion of law is reviewed *de novo* under the right/wrong standard. A conclusion of law that is supported by the trial court's findings of fact and that reflects an application of the correct rule of law will not be overturned." Reyes, 93 Hawai'i at 327, 2 P.3d at 731 (citations and brackets omitted).

Substantial evidence existed to support the circuit court's finding that Palencia violated the conditions of his probation that prohibited contact with minors[3] and required him to participate satisfactorily in the sex offender treatment program until clinically discharged with the concurrence of the probation officer.

The terms of conditions requiring Palencia to participate satisfactorily in the sex offender treatment program and prohibiting contact with minors were crucial to his rehabilitation and necessary for the protection of the public. Violating these conditions was not excusable. The circuit court's findings that Palencia lied, was frequently late to group sessions, lacked motivation to address his problems, and was not reporting accurately his compliance with his medication regimen supported the court's conclusion that Palencia's failure to participate satisfactorily in the sex offender treatment program was inexcusable. The circuit court's findings that Palencia had contact with a minor and then lied about it supported the court's conclusion that Palencia inexcusably violated the condition of probation prohibiting contact with minors.

Therefore,

_____

[3]     Palencia was prohibited from "associating with or being in the presence of minors without the prior authorization of [his] probation officer."

3

IT IS HEREBY ORDERED that the Order of Resentencing entered December 7, 2011 in the Circuit Court of the First Circuit revoking Palencia's probation and re-sentencing him to a maximum term of ten years imprisonment is affirmed.

DATED:   Honolulu, Hawai'i, July 8, 2013.

On the briefs:

Glenn D. Choy
for Defendant-Appellant.

Sonja P.McCullen
Deputy Prosecuting Attorney
City and County of Honolulu
for Plaintiff-Appellee.

Chief Judge

Associate Judge

Associate Judge

4